UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHERINE KEEHN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-3524** |
| **OFFICE DEPOT INC** | **SECTION "L" (4)** |

### ORDER & REASONS

Before the Court is the Defendant's Motion for Summary Judgment (Rec. Doc. 16). For the following reasons, the Defendant's motion is now DENIED.

I.     BACKGROUND

On July 23, 2005, Catherine Keehn ("Plaintiff") was shopping at the Office Depot store located at 1643 Martin Luther King, Jr., in Houma, Louisiana, when she allegedly slipped and fell on water that had accumulated in the hall outside the restroom area of the store.[1]  The Plaintiff filed suit in this Court on July 7, 2006, seeking damages for injuries she sustained as a result of the fall.

II.    PRESENT MOTION

Office Depot Inc. ("Defendant") now moves for summary judgment, contending that the Plaintiff has failed to demonstrate that the Defendant had constructive knowledge of the water puddle in the hallway outside the bathroom, such that it had a reasonable opportunity to correct the situation.  The Plaintiff argues that she has made a sufficient showing of constructive knowledge and that the Defendant's motion should be denied.

---

[1] According to the Defendant, the handle on one of the men's urinals got stuck causing water to overflow.

**III.   LAW & ANALYSIS**

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Summary judgment is also proper if the party opposing the motion fails to establish an essential element of its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In evaluating a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

> Louisiana's Merchant Liability Act governs this case and provides as follows:
>
> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1)   The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2)   The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3)   The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B). The Act further states that "'constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if

the merchant had exercised reasonable care." La. R.S. 9:2800.6(C).  The law is clear that the claimant "must make a positive showing of the existence of the condition prior to the fall." *Rogers v. Wal-Mart Stores, Inc.*, 6 F. Supp. 2d 560, 563 (E.D. La. 1998) (discussing *White v. Wal-Mart Stores, Inc.*, 97-393 (La. 9/9/97), 699 So. 2d 1081).

In this case, the Court finds that the Plaintiff has made a sufficient showing of the existence of water on the floor of the hallway outside the bathroom to survive a motion for summary judgment.  At a minimum, factual issues exist with respect to whether or not the Defendant had constructive knowledge of the alleged condition.  Unlike the *Rogers* case, where the plaintiff allegedly fell on a wet bathroom floor, the Plaintiff in this case allegedly slipped and fell in the hallway outside the bathroom.  A reasonable inference can be drawn that the faulty urinal in this case was stuck for some time, long enough for water to accumulate on the bathroom floor and subsequently migrate into the hallway.  *See Ceasar v. Wal-Mart Stores, Inc.*, 00-1181 (La. App. 3 Cir. 6/6/01), 787 So. 2d 582, 585 ("If a reasonable inference can be drawn from the circumstantial evidence presented by the plaintiff that it was more probable than not the spill existed for some period of time prior to the accident, the court can conclude the store had constructive notice.").  Accordingly, IT IS ORDERED that the Defendant's motion is DENIED.

New Orleans, Louisiana, this   20th   day of    April   , 2007.

_____
UNITED STATES DISTRICT JUDGE